IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


Kimberly D. Austin and
Harvey M. Johnson, personal
representatives for The Estate
of Jamee Christopher Deonte Johnson,

     Plaintiffs,                    Civil Action File No.
                                    3:21-CV-00217




Josue Garriga, in his Individual capacity;
Mike Williams, in his Official Capacity
as Sheriff of the Consolidated City of
Jacksonville and Duval County;
The City of Jacksonville, Florida,

     Defendants.

_____/

## PLAINTIFFS' COMPLAINT

     COMES NOW Plaintiffs, Kimberly D. Austin and Harvey M. Johnson
(hereinafter "Plaintiffs"), by and through the undersigned attorneys, and hereby files
this Complaint against Josue Garriga, in his Individual capacity (hereinafter
"Defendant Garriga"), Mike Williams, in his Official Capacity as Sheriff of the
Consolidated City of Jacksonville and Duval County and the City of Jacksonville,
Florida (collectively "JSO")

## INTRODUCTION

On December 14, 2019, Jamee Christopher Deonte Johnson, a 22-year-old black male, was gunned down by Deputy/Officer Josue Garriga ("Defendant Garriga") of the Jacksonville Sheriff's Office ("JSO"). At the time Jamee was shot by Defendant Garriga, he was unarmed with his hands raised above his head surrendering himself to Defendant Garriga and Deputy/Officer K. Graham.

Plaintiffs brings federal constitutional claims against Defendant Garriga, in his individual capacity, for committing acts under color of law that deprived Jamee Christopher Deonte Johnson (hereinafter "Jamee") of his rights under the Constitution and the laws of the State of Florida by using excessive and deadly force against Jamee; whereby, Jamee was unarmed with his hands raised above his head surrendering himself to law enforcement. Further, Plaintiffs brings state law claims of battery and wrongful death against all named Defendants.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' claims under the U.S. Constitution, which are brought both directly and under 42 U.S.C. §§ 1981 and 1983.

2.

This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

All conditions precedent to the maintenance of this action, including those set forth in Florida Statute § 768.28, have been performed, have occurred prior to its institution, or have been waived.

4.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

5.

At all times relevant hereto, Plaintiff Kimberly D. Austin and Harvey M. Johnson are the parents of the decedent Jamee Christopher Deonte Johnson and resides in the State of Florida and are citizens of the United States of America.

6.

At all times relevant hereto, Defendant Josue Garriga was a citizen of the United States and a resident of the State of Florida and was acting under color of state law in his capacity as a law enforcement officer employed by the JSO. Defendant Garriga is sued in his individual capacity.

7.

At all times material hereto, Defendant Mike Williams, Sheriff of the Consolidated City of Jacksonville and Duval County, is an entity, corporate and political, duly organized under the laws of the State of Florida. JSO is the governmental entity responsible, as a matter of law, for the actions of its officials, agents, and employees, and was responsible for their training, supervision, and conduct. JSO is also responsible for ensuring that its police personnel obey the laws of the State of Florida and ensuring that its rules and regulations are followed and enforced.

8.

The City of Jacksonville, Florida, is an entity, corporate and political, duly organized under the laws of the State of Florida. The City of Jacksonville is the governmental entity responsible, as a matter of law, for the actions of its officials, agents, and employees, and was responsible for their training, supervision, and conduct. The City of Jacksonville is also responsible for ensuring that its police

personnel obey the laws of the State of Florida and ensuring that its rules and regulations are followed and enforced.

## FACTUAL ALLEGATIONS

*Events That Occurred on December 14, 2019*

### 9.

On December 14, 2019, approximately at 5:00 p.m., Defendant Garriga was deployed as part of a JSO initiative aimed at reducing violent crime.

### 10.

While working on this deployment initiative, Defendant Garriga conducted a traffic stop of Jamee Johnson ("Jamee") for allegedly driving without a seatbelt.

### 11.

An inquiry pursuant to the traffic stop followed. Defendant Garriga asked whether Jamee had "anything" in his car, Jamee told Defendant Garriga that he had a firearm in the car, Defendant Garriga asked Jamee to step out of his car.

### 12.

Defendant Garriga next questioned Jamee about the firearm in the car and a possible marijuana flake on Jamee's shirt. Defendant Garriga told Jamee that he was

going to place Jamee in his patrol car while he obtained Jamee's receipt for the firearm.

13.

Subsequently, in an attempt to escape, Jamee collected his identification from the top of his car that had been placed there by Defendant Garriga and attempted to get back in his vehicle. However, before Jamee could gain access to his vehicle, Defendant Garriga grabbed Jamee's right arm and shoved Jamee inside the vehicle pinning Jamee's upper torso up against the passenger seat and laying on top of Jamee's lower body.

14.

At some point, while Defendant Garriga was still on top of Jamee, the vehicle was placed in drive and eventually crashed through a fence into a nearby yard after traveling a short distance, while Defendant Garriga was still on top of Jamee in the vehicle.

15.

Once the vehicle came to a stop, Defendant Garriga exited the vehicle. According to Defendant Garriga, after he exited the vehicle, he took a step back to assess what was going on.

16.

According to an eyewitness, Jamee exited the vehicle with his hands raised above his head surrendering himself to Defendant Garriga and Deputy/Officer K. Graham.

17.

Additionally, according to an eyewitness, Defendant Garriga fired his weapon and struck Jamee.

18.

Jamee was shot 4 times by Defendant Garriga.

19.

Jamee was unarmed when he was shot 4 times by Defendant Garriga.

20.

After Jamee was shot 4 times by Defendant Garriga, Jamee laid on the ground dying. While lying on the ground, Jamee told Defendant Garriga and Deputy/Officer K. Graham, "I gave up."

21.

Jamee was eventually transported to the hospital where he died in surgery from his wounds.

22.

According to Dr. Brittany Glad of the Jacksonville Medical Examiner's Office, Jamee suffered the four gunshot wounds during the incident: a gunshot wound to the left side of the chest; a gunshot wound to the left side of the back; a gunshot wound on the posterior aspect of the right elbow; and a gunshot wound on the anterior and lateral aspects of the right hip. The direction of the pathway of all of the projectile that stuck Jamee were from left to right

23.

On July 17, 2020, Defendant Garriga gave sworn testimony before the JSO's Response to Resistance Board concerning the shooting death of Jamee on December 14, 2019. At the hearing, Defendant Garriga testified that he shot Jamee 4 times while Jamee's back was to him and while Jamee was reaching in the vehicle. Specifically, Garriga testified that at the time he shot Jamee, Jamee's leg and back was coming out of the vehicle and Jamee's hands were still inside the vehicle. Defendant Garriga further testified that after he shot Jamee, Jamee's body came out of the car completely and Jamee felled to the ground.

24.

According to Officer K. Graham's body camera video on the date of the incident, at the time of the shooting, Defendant Garriga was located to the rear of the vehicle at time he shot Jamee. Further, according to Defendant Garriga's

8

testimony, at the time he shot Jamee, Jamee's back was to Defendant Garriga and Defendant Garriga was on Jamee's right side. Based on Defendant Garriga's sworn testimony on how the shooting occurred and Jamee's location and positioning of his body at the time of the shooting, the projectiles would have entered Jamee's body right to left and not left to right.

25.

As stated above, according to Dr. Brittany Glad of the Jacksonville Medical Examiner's Office, the direction of the pathway of all of the projectile that stuck Jamee were from left to right.

26.

Dr. Brittany Glad's medical examination report aligns with the eyewitness account that Jamee was shot after he exited the vehicle with his hands raised above his head surrendering himself to Defendant Garriga and Deputy/Officer K. Graham.

27.

At the time Jamee was shot by Defendant Garriga, his weapon was wrapped up inside the inner pocket of his jacket; which was located inside the vehicle on the passenger side.

9

28.

At all times relevant, Defendant Garriga, was acting under color of state law in his capacity as a law enforcement officer employed by the JSO and the City of Jacksonville, Florida.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**<br>**42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment**<br>(Against Defendant Garriga)

29.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 of this Complaint

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

30.

Defendant Garriga to this claim is a person for purposes of 42 U.S.C. § 1983.

31.

Defendant Garriga, at all times relevant hereto, were acting under the color of state law in his capacity as a Deputy/ Officer for JSO and his acts or omissions were conducted within the scope of his official duties or employment.

32.

At the time of the complained of events, Jamee had a clearly established constitutional right under the Fourth and Fourteen Amendments to be secure in his person from unreasonable seizure through excessive force.

33.

Jamee also had the clearly established Constitutional right under the Fourth and Fourteen Amendments to bodily integrity and to be free from excessive force by law enforcement.

34.

Any reasonable JSO Deputy/Officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

35.

Defendant Garriga's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth and Fourteen Amendments rights of Jamee.

36.

Defendant Garriga actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Jamee's federally protected rights. The force used by Defendant Garriga shocks the conscience and violated Fourth and Fourteen Amendments rights of Jamee.

37.

Defendant Garriga unlawfully seized Jamee by means of objectively unreasonable, excessive and conscious shocking physical force. The force used was deadly force and did cause the death of Jamee.

38.

Defendant Garriga engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Jamee's federally protected constitutional rights.

39.

Defendant Garriga did so with shocking and willful indifference to Jamee's rights and with conscious awareness that it could cause Jamee severe bodily harm or death.

40.

The acts or omissions of Defendant Garriga were the moving forces behind Jamee's injuries. The acts or omissions of Defendant Garriga as described herein intentionally deprived Jamee of his constitutional rights and caused him other damages. Defendant Garriga is not entitled to qualified immunity for his actions.

41.

As a proximate result of Defendant Garriga's unlawful conduct, Jamee was killed. As a further result of the Defendant Garriga's unlawful conduct, Jamee has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

42.

On information and belief, Jamee suffered lost future earnings not yet fully ascertained sequelae of his death, in amounts to be ascertained in trial. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

43.

In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendant under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Jamee.

44.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## SECOND CLAIM FOR RELIEF
### (BATTERY)
### (Defendant Garriga)

45.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 of this Complaint

46.

Defendant Garriga's actions against Jamee were unreasonable and excessive force. At the time Jamee was shot by Defendant Garriga, he was unarmed with his hands raised above his head surrendering himself to Defendant Garriga and Deputy/Officer K. Graham. Defendant Garriga acted with a depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of Jamee, and was undertaken in bad faith and with actual malice.

47.

As a further direct and proximate result of the conduct described above, Jamee died. Prior to his death Jamee suffered loss of his liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, and medical expenses for treatment and care.

48.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.


### THIRD CLAIM FOR RELIEF
(BATTERY)
(Against Mike Williams, in his Official Capacity as Sheriff of the Consolidated City of Jacksonville and Duval County and the City of Jacksonville, Florida)
(Pleaded in the Alternative Pursuant to Federal Rule of Civil Procedure 8(d)(2).)

49.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 of this Complaint

50.

Defendant Garriga's actions against Jamee were unreasonable and excessive force. At the time Jamee was shot by Defendant Garriga, he was unarmed with his hands raised above his head surrendering himself to Defendant Garriga and Deputy/Officer K. Graham. Defendant Garriga acted with a depraved indifference

to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of Jamee, and was undertaken in bad faith and with actual malice.

51.

Defendant Garriga was acting within the scope of his employment with Mike Williams, in his Official Capacity as Sheriff of the Consolidated City of Jacksonville and Duval County and the City of Jacksonville, Florida.

52.

As a further direct and proximate result of the conduct described above, Jamee died. Prior to his death Jamee suffered loss of his liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, and medical expenses for treatment and care.

53.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## FOURTH CLAIM FOR RELIEF
(WRONGFUL DEATH- Florida Statute
768.21)
(All Defendants)

### 54.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 28 of this Complaint.

### 55.

On or about December 14, 2019, Defendant Garriga, an employee and uniformed officer with JSO, committed a battery when he discharged his handgun to intentionally strike Jamee.

### 56.

The aforementioned act of discharging this handgun at Jamee was the intended act of Defendant Garriga and was carried out in bad faith and with malicious intent. As a direct and proximate result of the acts of Defendant Garriga, Jamee was killed.

### 57.

Defendant Garriga were acting within the scope of his employment with Mike Williams, in his Official Capacity as Sheriff of the Consolidated City of Jacksonville and Duval County and the City of Jacksonville, Florida.

## 58.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages in excess of $100,000.00;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. the value of support and services the deceased person had provided to the surviving family member;

5. loss of companionship, guidance, and protection provided by the deceased person;

6. mental and emotional pain and suffering due to the loss of a child, and medical or funeral expenses any surviving family member has paid for the deceased person;

7. The deceased person's estate may also recover certain types of damages. These include:

   a. lost wages, benefits, and other earnings, including the value of lost earnings that the deceased person could reasonably have been expected to make if he or she had lived

   b. lost "prospective net accumulations" of the estate, or the value of earnings the estate could reasonably have been expected to collect if the deceased person had lived, and

   c. medical and funeral expenses that were paid by the estate directly.

Such other relief as this Honorable Court may deem just and appropriate

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount in excess of $100,000.00

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount in excess of $100,000.00

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFFS REQUESTS A TRIAL BY JURY.**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date:

Respectfully submitted,

/s/ *Norman Harris*
Norman Harris, Esquire
Florida Bar No. 0077474
Champions for Justice Law, LLC
100 S Ashley Dr., Suite 600
Tampa, Florida 33602
Tel.: (813) 449-4295
Email Address: nharris@cfjlaw.com

*Pending Approval of Special Admission of a Non-Resident Lawyer*
/s/ Harry M. Daniels
Harry M. Daniels
Georgia Bar No. 234158
Law Offices of Harry M. Daniels, LLC
233 Peachtree St. NE Ste. 1200
Atlanta, GA 30303
Telephone: (678) 664-8529
daniels@harrymdaniels.com

*Pending Approval of Special Admission of a Non-Resident Lawyer*

/s/ Sharika M. Robinson
Sharika M. Robinson
North Carolina Bar No. 44750
The Law Offices of Sharika M. Robinson, PLLC
10230 Berkeley Place Drive Suite 220
Charlotte, NC 28262
Telephone: (704) 561-6771
srobinson@sharikamrobinsonlaw.com